UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUZANNE M. WEBER, **Plaintiff,** v. NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1] **Defendant.** | No. 17 C 2990 Magistrate Judge Mary M. Rowland |

# MEMORANDUM OPINION AND ORDER

Plaintiff Suzanne M. Weber filed this action seeking reversal of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits (DIB) under Title II of the Social Security Act. The parties consented to the jurisdiction of the United States Magistrate Judge, pursuant to 28 U.S.C § 636(c), and Plaintiff filed a request to remand for additional proceedings before the ALJ. This Court has jurisdiction pursuant to 42 U.S.C. § 1383(c) and 405(g). For the reasons stated below, the case is remanded for further proceedings consistent with this Opinion.

## I. PROCEDURAL HISTORY

---

[1] Nancy A. Berryhill has been substituted for her predecessor, Carolyn W. Colvin, as the proper defendant in this action. Fed. R. Civ. P. 25(d).

Plaintiff testified at a hearing before an Administrative Law Judge (ALJ) on January 28, 2016. (R. at 21). The ALJ also heard testimony from Brian Harmon, a vocational expert (VE), and James McKenna M.D., a medical expert (ME). (*Id.*). Plaintiff's counsel and co-counsel were also present at the hearing. (*Id.*). Following the hearing, additional records were entered into the administrative record. (*Id.*). The ALJ denied Plaintiff's request for DIB on March 25, 2016. (R. at 21–30). Applying the five-step sequential evaluation process, at step one the ALJ found that Plaintiff did not engage in substantial gainful activity since her alleged onset date of April 29, 2011. (*Id.* at 23). At step two, the ALJ found that Plaintiff had the severe impairments of a history of a pineal tumor with hydrocephalus, and resection of the tumor. (*Id.*). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listings enumerated in the regulations. (*Id.* at 124).

The ALJ then assessed Plaintiff's residual functional capacity (RFC)[2] and determined that Plaintiff had the RFC to perform light work except "she can do no work at unprotected heights or around hazardous machinery. She can never climb long ladders, ropes, or scaffolds. She must avoid concentrated exposure to temperature extremes, and she can do no commercial driving." (R. at 17). The ALJ determined at step four that Plaintiff was capable of performing past relevant work as an administrative clerk. (*Id.* at 29). Accordingly, the ALJ concluded that Plaintiff

---

[2] Before proceeding from step three to step four, the ALJ assesses a claimant's residual functional capacity. 20 C.F.R. § 404.1520(a)(4). "The RFC is the maximum that a claimant can still do despite his mental and physical limitations." *Craft v. Astrue*, 539 F.3d 668, 675-76 (7th Cir. 2008).

was not under a disability at any time from April 29, 2011 through the date of her decision. (*Id*. at 30).

On February 27, 2017, the Appeals Council denied Plaintiff's request for review. (R. at 1–6). Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. *Villano v. Astrue*, 556 F.3d 558, 561–62 (7th Cir. 2009).

## II. STANDARD OF REVIEW

A Court reviewing the Commissioner's final decision may not engage in its own analysis of whether the plaintiff is severely impaired as defined by the Social Security Regulations. *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). Nor may it "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or, in general, substitute [its] own judgment for that of the Commissioner." *Id*. The Court's task is "limited to determining whether the ALJ's factual findings are supported by substantial evidence." *Id*. (citing § 405(g)). Evidence is considered substantial "if a reasonable person would accept it as adequate to support a conclusion." *Indoranto v. Barnhart*, 374 F.3d 470, 473 (7th Cir. 2004); *see Moore v. Colvin*, 743 F.3d 1118, 1120–21 (7th Cir. 2014) ("We will uphold the ALJ's decision if it is supported by substantial evidence, that is, such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (citation omitted). "Substantial evidence must be more than a scintilla but may be less than a preponderance." *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). "In addition to relying on substantial evidence, the ALJ must also

explain his analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005).

Although this Court accords great deference to the ALJ's determination, it "must do more than merely rubber stamp the ALJ's decision." *Scott v. Barnhart,* 297 F.3d 589, 593 (7th Cir. 2002) (citation omitted). "This deferential standard of review is weighted in favor of upholding the ALJ's decision, but it does not mean that we scour the record for supportive evidence or rack our brains for reasons to uphold the ALJ's decision. Rather, the ALJ must identify the relevant evidence and build a 'logical bridge' between that evidence and the ultimate determination." *Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014). Where the Commissioner's decision "lacks evidentiary support or is so poorly articulated as to prevent meaningful review, the case must be remanded." *Steele v. Barnhart,* 290 F.3d 936, 940 (7th Cir. 2002).

### III. DISCUSSION

Plaintiff makes a number of arguments challenging the ALJ's decision. After reviewing the record and the parties' briefs, the Court is convinced by Plaintiff's argument that the ALJ erred in evaluating the medical opinions of Plaintiff's treating physicians.

The opinion of a treating source is entitled to controlling weight if the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." 20 C.F.R. § 404.1527(d)(2); *accord Bauer v. Astrue*, 532 F.3d 606, 608 (7th Cir. 2008). A treating

4

physician typically has a better opportunity to judge a claimant's limitations than a non-treating physician. *Books v. Chater*, 91 F.3d 972, 979 (7th Cir. 1996); *Grindle v. Sullivan*, 774 F. Supp. 1501, 1507–08 (N.D. Ill. 1991). "More weight is given to the opinion of treating physicians because of their greater familiarity with the claimant's conditions and circumstances." *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003). Therefore, an ALJ "must offer 'good reasons' for discounting a treating physician's opinion," and "can reject an examining physician's opinion only for reasons supported by substantial evidence in the record; a contradictory opinion of a non-examining physician does not, by itself, suffice." *Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010) (citing 20 C.F.R. § 404.1527(d)(2); other citation omitted).

If a treating physician's opinion is not given controlling weight, an ALJ must still determine what value the assessment *does* merit. *Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011); *Campbell*, 627 F.3d at 308. In making that determination, the regulations require the ALJ to consider a variety of factors, including: (1) the nature and duration of the examining relationship; (2) the length and extent of the treatment relationship; (3) the extent to which medical evidence supports the opinion; (4) the degree to which the opinion is consistent with the entire record; (5) the physician's specialization if applicable; and (6) other factors which validate or contradict the opinion. 20 C.F.R. § 404.1527(d)(2)–(6). The ALJ must then provide a "sound explanation" for that decision. *Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011).

Here, the ALJ improperly discounted the opinions of Nicholas Vick, M.D. It is undisputed that Dr. Vick is Plaintiff's treating neurosurgeon and treated Plaintiff from July 29, 2010 to May 23, 2013. (*See* R. 461–476). However, the ALJ gave insufficient reasons for discounting Dr. Vick's medical opinions as a treating physician. The ALJ gave "neither controlling nor great weight" to the November 21, 2011 Medical Source Statement from Dr. Vick, which limited Plaintiff to part time work, because: 1) although Plaintiff had intermittent symptoms, Dr. Vick stated that the MRI findings were encouraging and some of her problems were readily manageable; and 2) Plaintiff "has done an array of daily activities, including part time work." (R. at 28). There are several flaws in the ALJ's analysis.

First, although Dr. Vick stated that the MRI findings were "encouraging"; that "some of the problems identified by her ophthalmologist are readily manageable"; and that "[s]he has not had headaches and has not needed to use the sumatriptan"; he nonetheless recommended limiting Plaintiff to part time work based on her intermittent symptoms. (*See* R. at 471). The ALJ failed to explain how Dr. Vick's statements were inconsistent with his recommendation to limit Plaintiff to part time work. *See Murphy v. Colvin*, 759 F.3d 911, 819 ("Simply because one is characterized as "stable" or "improving" does not necessarily mean that she is capable of doing light work.").

Second, and even more concerning, the ALJ ignored Dr. Vick's second medical source statement dated May 23, 2013, where he continued to recommend Plaintiff be limited to part time work, and indicated that Plaintiff's current symptoms

6

include bi-temporal headaches that are manageable, persistent tinnitus, sleep irregularities (being treated with melatonin and magnesium supplements), and unexplained visual aberrations with a stable MRI. (R. at 476–77). This was error. *See* 20 C.F.R. § 404.1527(c) ("we will evaluate every medical opinion we receive . . . "); *Reyes v. Colvin*, No. 14 C 7359, 2015 WL 6164953, at *11 (N.D. Ill. Oct. 20, 2015) ("the ALJ must assign weight to each opinion and "minimally articulate" his reasons for so weighting.") (citing *Elder v. Astrue,* 529 F.3d 408, 415 (7th Cir. 2008)). By failing to discuss or assign weight to this second medical source statement by Dr. Vick, the Court is deprived "of any means to assess the validity of the reasoning process." *See Moore*, 743 F.3d at 1123–24; *Zblewski v. Schweiker*, 732 F.2d 75, 79 (7th Cir. 1984) (finding error when the ALJ fails to mention relevant evidence because "the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.") (citations omitted).

Third, the ALJ failed to articulate *how* Plaintiff's "array of daily activities including part time work" contradicts Dr. Vick's recommendations in either of his November 2011 or May 2013 medical source statements. *See Clifford v. Apfel*, 227 F. 3d 863, 871 (7th Cir. 2000) (finding that the ALJ did not provide any explanation for his belief that the claimant's activities were inconsistent with the treating physician's opinion and his failure to do so constitutes error). Nor did the ALJ properly take into account the limitations Plaintiff described in performing daily activities, such as falling asleep during work and getting fatigued after light activities such as walking, exercising, laundry, and housekeeping. (R. at 74, 354).

Indeed, the Seventh Circuit has found that "[a]n ALJ cannot disregard a claimant's limitations in performing household activities." *Moss v. Astrue*, 555 F.3d 556, 562 (7th Cir. 2009); *see also Roddy v. Astrue*, 705 F.3d 631, 638 (7th Cir. 2013) ("the fact that Roddy pushed herself to work part-time and maintain some level of financial stability, despite her pain, does not preclude her from establishing that she was disabled."). Here, the ALJ did not "build a logical bridge between the evidence and his conclusion" when she failed to discuss these limitations when asserting that Plaintiff's activities are inconsistent with the limitations opined by Dr. Vick. *Pratt v. Colvin*, No. 12 C 8983, 2014 WL 1612857 at *8-10 (N.D. Ill. Apr. 16, 2014).

Fourth, although the ALJ is entitled to not accord controlling weight to Dr. Vick's opinions, she still must address the factors listed in 20 C.F.R. § 404.1527 to determine what weight to give the opinions. SSR 96-2p. SSR 92-2p states that treating source medical opinions "are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." (*Id.*). Here, the ALJ failed to minimally address several of the enumerated factors provided in 20 C.F.R. § 404.1527. Specifically, the ALJ did not discuss the nature and extent of the treatment relationship, the frequency of examination, or whether Dr. Vick had a relevant specialty. The ALJ must "sufficiently account [ ] for the factors in 20 C.F.R. 404.1527." *Schreiber v. Colvin*, 519 Fed. Appx. 951, 959 (7th Cir. 2013) (unpublished decision). The ALJ did not do so here, preventing this Court from assessing the reasonableness of the ALJ's decision in light of the factors indicated in 20 C.F.R. §

404.1527. For these reasons, the ALJ did not offer substantial evidence for rejecting the opinions of Dr. Vick, which is an error requiring remand.[3]

### IV. CONCLUSION

For the reasons stated above, Plaintiff's request to remand for additional proceedings [10] is **GRANTED**, and the Commissioner's motion for summary judgment [15] is **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the ALJ's decision is reversed, and the case is remanded to the Commissioner for further proceedings consistent with this opinion.

E N T E R:

Dated: May 30, 2018

MARY M. ROWLAND
United States Magistrate Judge

---

[3] Because the Court remands for this reason, it does not address Plaintiff's other arguments at this time.